SMITH et al. v. SMITH.

No. 33246.   Oct. 26, 1948.

Rehearing Denied Nov. 30, 1948.

*200 P. 2d 414.*

Frank Leslie, of Tulsa, for plaintiffs in error.

O. C. Lassiter and Coffey & Coffey, all of Tulsa, for defendant in error.

BAYLESS, J. This is an action by Virgil Smith against Dora Smith for divorce. Samuel Lon Bryson, son of defendant by a former marriage, was also made a party defendant to the action.

The court granted defendant a divorce on her cross-petition and awarded plaintiff the sum of $5,000 in lieu of his interest in jointly acquired property and imposed a lien upon several pieces of property hereinafter described, to secure the payment thereof.

The trial court found that prior to their marriage plaintiff and defendant were engaged in a joint business venture and that they acquired as a result of their joint industries certain real estate located at 1411 East Haskell street in the city of Tulsa, described as follows: East 50 feet of lots 21 and 22, block 15, Capitol Hill Second addition in the city of Tulsa, Tulsa county, Oklahoma; that subsequent to their marriage they acquired an interest in certain real estate located at 1730 South Memorial; that such property was acquired with funds accumulated by the plaintiff and defendants, Dora Smith and Samuel Lon Bryson, and further found that subsequent to the marriage plaintiff had acquired an interest in a second-hand clothing store and a Chevrolet truck. The evidence shows that he had a half interest in such store and that the entire stock at the time of the trial was not worth to exceed $300, and that he had an equity in the Chevrolet truck in the sum of approximately $500. The court awarded to defendant Dora Smith the property at East Haskell street and awarded the property at 1730 South Memorial street to defendant Samuel Lon Bryson, free from any claim of either plaintiff or defendant; awarded plaintiff the sum of $5,000 and imposed a lien upon both pieces of property to secure the payment thereof, and also awarded the plain-

tiff his interest in the second-hand store and the Chevrolet truck.

Defendants have appealed from the judgment insofar as it relates to settlement of property rights and contend that the judgment in this respect is inequitable, contrary to the great weight of the evidence, and contrary to law.

Defendants assert the evidence shows that the property at East Haskell street was the individual property of defendant Dora Smith, purchased by her with her own individual funds, and that the same should have been set aside to her free from any claim or lien in favor of plaintiff.

The evidence shows that plaintiff and defendant Dora Smith were married in Benton, Ark., on the 1st day of February, 1944; that prior thereto and sometime in the year 1935 they entered into a partnership agreement for the purpose of engaging in the business of manufacturing and selling intoxicating liquor. It was agreed that the profits should be equally divided between the parties; that they thereafter engaged in such business. Plaintiff conducted and managed the business, made and sold the liquor, while defendant Dora Smith had charge of the finances. The money was kept by her in receptacles about the house. No bank account was kept by the parties. Neither party had any property or funds at the time the agreement to form the partnership was entered into between them. Several years after they first engaged in business they acquired the property at East Haskell street, title to which was taken in the name of Dora Bryson. It is agreed that this property was purchased from the profits derived from the business. Defendant Dora Smith, however, contends that the profits were divided periodically as made, sometimes each day and sometimes each week, and that she purchased the property out of her share of the profits, while plaintiff testified that no division of the profits had ever been made and that the property was purchased with partnership funds.

The trial court found this issue in favor of plaintiff. We cannot say that this finding is against the clear weight of the evidence and it will therefore not be disturbed on appeal.

The evidence shows that the partnership business was continued and, conducted by the parties until the 1st of June, 1945, at which time plaintiff was convicted for violation of the liquor law and sentenced to serve a term in the Federal penitentiary. At that time the parties had accumulated and' purchased from the profits derived from the partnership business, and then owned, in addition to the East Haskell' property, a piece of property located at East Latimer street in the city of Tulsa, and also a piece of property at North·Trenton street, in the city of Tulsa. Title to these properties was taken in the name of Samuel Lon Bryson. The property at East Latimer street was sold by defendant Dora Smith while plaintiff was in the penitentiary for the sum of $6,000 and the property of North Trenton street was sold by her after plaintiff was released from the penitentiary for the sum of $2,800. Mrs. Smith received the proceeds from the sale of both pieces of property. No portion thereof has ever been distributed to plaintiff. In addition thereto plaintiff testified that defendant Dora Smith had on hand cash in the sum of $12,000 derived from the partnership business at the time he was sentenced to the penitentiary.

It is further contended that the finding of the trial court to the effect that the property at 1730 South Memorial was acquired with funds accumulated by the plaintiff and defendants, Dora Smith and Samuel Lon Bryson, is not sustained by the evidence. We think this contention well taken. The evidence shows that the record title to this property was taken in the name of Samuel Lon Bryson. This finding of the trial court is evidently based upon the theory that Mr. Bryson was a partner with plaintiff and defendant Dora Smith in the liquor business. While the evidence shows that Mr. Bryson was also engaged in the liquor business there is no evidence tending to show that he was so engaged as a partner with plaintiff and defendant Dora Smith.

The evidence is quite conclusive that he was so engaged independently on his own account and that he purchased the property and paid for the same with his own funds. This finding, although erroneous in our opinion, does not in any manner affect the judgment except insofar as it imposes a lien on the property in favor of plaintiff. No interest in this property was given to either plaintiff or defendant Dora Smith, but the judgment specifically provides that the property shall be the property of the defendant Samuel Lon Bryson free from any claims of the other parties thereto, except a lien of $5,000 in favor of plaintiff. Nor does the fact that no part of plaintiff's funds was invested in the purchase of this property in any manner affect the judgment insofar as it pertains to the amount awarded him in lieu of division of property. The record shows that there were accumulated profits from the joint business of plaintiff and defendant from the time the partnership agreement was entered into until the relationship was discontinued, the property at East Haskell which the evidence shows was valued at the time of the trial at at least $5,000, the property at East Latimer in the city of Tulsa which was sold for the sum of $6,000, and the property at North Trenton, which was afterwards sold for the sum of $2,800, a total profit during the continuation of the partnership of at least the sum of $13,800, and in our opinion in addition thereto cash on hand as testified to by plaintiff. Plaintiff received no portion of such profits but the total amount was kept and retained by defendant. A judgment, therefore, in favor of plaintiff in the sum of $5,000 in lieu of division of jointly acquired property cannot be said to be inequitable or excessive.

The finding and judgment of the court is therefore modified by eliminating therefrom that portion thereof which finds that the South Memorial property was partially acquired with the funds of plaintiff and defendant Dora Smith, and the portion thereof which impresses a lien upon said property in favor of plaintiff, and as so modified is affirmed.

HURST, C. J., and RILEY, WELCH, CORN, GIBSON, and ARNOLD, JJ., concur.